**DSE, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. Civ.A.98–0620 SS.**

United States District Court, District of Columbia.

June 18, 1998.

Kenneth Allen Martin, Martin & Rylander, P.C., Washington, DC, for DSE, plaintiff.

Brian J. Sonfield, Aida Alvarez, U.S. Attorney's Office, Washington, DC, for United States of America.

Michael R. Charness, I, Eric M. Drattell, John G. Horan, McDermott, Will & Emery, Washington, DC, for Amtec Corporation, intervenor-defendant.

### ORDER

SPORKIN, District Judge.

This matter comes before the Court on Federal Defendants' motion to dissolve the Court's May 6, 1998 Injunction. Plaintiff, Dae Shin Enterprises, Inc. ("DSE") is an unsuccessful bidder for a contract with the Department of the Army for M550 Escapement Assemblies. The contract was to be awarded to a small business consisting of less than 1500 employees. DSE challenged the business size determination of the successful bidder, AMTEC Corporation ("AMTEC"),

made by the Small Business Administration ("SBA"). After an extensive preliminary injunction hearing, the Court issued a Memorandum Opinion and Preliminary Injunction on May 6, 1998. The Court remanded the matter to the SBA for further determination on two grounds. First, the Court held that the SBA's size determination was made without all the relevant information because AMTEC was not careful in making its disclosures to the SBA. The Court recommended (but did not order) that the SBA require AMTEC to undergo an audit by an independent accounting firm to determine the precise number of its employees.

Second, the Court held that the SBA had erroneously interpreted its regulation, 13 C.F.R. § 121.404, to deny it the discretion to consider two asset acquisitions by AMTEC that occurred after the so-called date of "self-certification." The Court held that 13 C.F.R. § 121.404 provided the SBA with the discretion to consider mergers or acquisitions made after the self-certification date. The Court instructed the SBA to reconsider the two asset acquisitions in light of the Court's interpretation of 13 C.F.R. § 121.404 and the evidence brought forth at the preliminary injunction hearing.

On remand, the SBA followed the Court's instructions. It concluded that AMTEC was still a small business under 1500 employees. The SBA considered the information brought forth during the preliminary injunction hearing. The accounting firm of Deloitte & Touche, LLP conducted a review of AMTEC's payroll records and concluded that the total number of employees was under 1500. On the issue of the two asset acquisitions, the final agreements of which were executed after the self-certification date, the SBA concluded that even though it had the discretion to consider them in its size determination, it was not appropriate in this case. The SBA found the letters of intent that preceded the final agreements for these asset acquisitions were not "agreements in principle." Consequently, the employees of the acquired companies were not to be considered in determining the total number of employees for the purposes of the SBA's size determination.[1]

Plaintiff argues that the SBA was incorrect in its determination that these letters of intent were not agreements in principle. While this Court would not have overturned the SBA had it decided the issue differently, the Court will not disturb the SBA's decision. This is because the law requires that great deference be paid to an independent agency's decisions. The Court is not empowered to "substitute its judgment" for that of the SBA. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). This Court has done all that it can to ensure that the Plaintiff received fair and careful consideration of its case by the SBA. Plaintiff has had the benefit of a tremendous amount of scrutiny of this matter. The SBA, in response to Plaintiff's initial complaint, made a size determination confirming that AMTEC had under 1500 employees. In response to the Plaintiff's filing this case, the SBA voluntarily conducted a second size determination. The Court held an extensive preliminary injunction hearing, at which the Plaintiff had the opportunity to cross-examine the official of the SBA who made both size determinations. In addition, the Chairman of the Board and the President of AMTEC testified. Based upon the hearing, this Court remanded the matter to the SBA to make yet another size determination. The SBA followed this Court's instructions on remand, including having an independent accounting firm conduct a review of AMTEC's payroll records. The Court directed that the accountant from Deloitte & Touche, LLP testify in open court on June 15, 1998 as to the procedures he used when conducting the review. In short, the Court has done everything it can to ensure that the Plaintiff received a careful and accurate decision from the SBA. The Court finds that the SBA's third size determination is not arbitrary and capricious or contrary to law, and the Court will not substitute its judgment for that of the SBA.

---

1. While there were a number of different employee counts, the count giving full credit to full time, part time, and temporary employees was 1428.38.

Although this Court affirms the decision of the SBA, the actions of the agency in this case are puzzling. The SBA's having to make three size determinations in this case indicates that its deference to AMTEC was somewhat generous. More difficult to understand is why the SBA declined to give more weight to the letters of intent underlying certain acquisitions the negotiations of which were begun before the self-certification date. This seems to be somewhat inconsistent with the agency's mission and the public interest. Indeed, this Court has had to instruct the agency how to interpret its own regulations. What is now necessary in view of the agency's obstinance is for the SBA's top officials to review this matter in order to determine whether the SBA's actions were consistent with its mission of advancing the interest of small business.

Accordingly, it is hereby

**ORDERED** that the injunction against the execution of the contract between the Federal Defendants and AMTEC Corporation be **VACATED;** and it is further

**ORDERED** that in all other respects, the May 6, 1998 Order shall remain in effect.